IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-242-BO

| | |
|---|---|
| KAREN ELAINE BEDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 24, 28]. A hearing on this matter was held in Elizabeth City, North Carolina on November 12, 2014 at 11:30 a.m. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

Plaintiff filed applications for Title II disability insurance benefits and Title XVI supplemental security income on March 2, 2011, alleging disability beginning July 29, 2010. [Tr. 69, 120]. These applications were denied initially and upon reconsideration. On September 18, 2012, an Administrative Law Judge ("ALJ") held a hearing and rendered an unfavorable decision on October 12, 2012. The Appeals Council denied the claimant's request for review, rendering the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there

is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Where plaintiff submitted additional evidence to the Appeals Council, and the Appeals Council considered that evidence, this Court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's findings. *Wilkins v. Sec'y, Dep't of Health and Human Servs.*, 953 F.2d 93, 95–96 (4th Cir. 1991). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Remand for further proceedings is the proper action in any case that requires further fact finding. *See Smith v. Schweiker*, 795 F.2d 343, 348 (4th Cir. 1986) (remanding where there record evidence was insufficient to order a finding of disability).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

2

Case 7:13-cv-00242-BO   Document 34   Filed 11/25/14   Page 2 of 4

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. [Tr. 71]. Ms. Bedson's sensimotor polyneuropathy and anxiety qualified as severe impairments at step two but were not found alone or in combination to meet or equal a Listing. [Tr. 71–72]. The ALJ concluded that plaintiff had the residual functional capacity ("RFC") to perform sedentary work limited to simple, routine, repetitive tasks, with no public interaction and only occasional interaction with co-workers. [Tr. 73]. The ALJ then found that plaintiff could not do her past relevant work, but that she could perform the jobs of addresser and weight tester. [Tr. 76–77]. Thus, the ALJ determined that plaintiff was not disabled as of the date of the opinion. [Tr. 77].

Plaintiff alleges first that the ALJ erred by not finding that she met Listing 11.14, which requires, *inter alia*, "significant and persistent" disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements or gait and station. 20 C.F.R. Part 404, Subpart P, App'x. 1, §§ 11.14, 11.04B. To demonstrate disturbed gait, plaintiff relies upon the report of Dr. Susan Torres, the RFC's limitation to standing for only two hours, and two evaluations which both post-date the ALJ's decision: a January 2013 examination and a February 2013 functional capacity evaluation ("the new evidence"). [DE 25 at 16–17]. These two evaluations were submitted to the Appeals Council, which determined that they did not relate back to the period before the ALJ's decision as required by 20 C.F.R. §§ 404.970(b), 416.1470(b). [Tr. 2].

At the hearing, defendant advocated for remand so that the ALJ could adequately consider the new evidence. The Court agrees with defendant. While the Appeals Council discounted the new evidence, it could reasonably change the outcome of the case, as it goes directly to the question of disturbed gait. *See Dunn v. Colvin*, 973 F.Supp.2d 630, 650 (W.D. Va.

3

2013) (explaining that if new evidence "is contradictory, presents material competing testimony, or calls into doubt any decision grounded in the prior medical reports . . . there is a reasonable possibility that it would change the outcome of the case. . . . "). The Court finds that the new evidence should have been considered, and accordingly, the appropriate action here is to remand the case to the Commissioner. Upon remand, the Commissioner is to consider the evidence that was before the Appeals Council and determine whether plaintiff meets Listing 11.14.

Plaintiff's second argument is that the ALJ erred in not determining that she meets Listing 12.06(5) with post-traumatic stress disorder ("PTSD"). A medically determinable impairment is required in order to establish disability. 20 C.F.R. §§ 14.1505(a), 416.905(a). Only "an acceptable medical source," which include licensed physicians and licensed or certified psychologists, can establish a medically determinable impairment. 20 C.F.R. §§ 404.1503(a) and 416.903. The acceptable medical sources who examined plaintiff did not diagnose PTSD. [Tr. 474, 561, 577, 513]. Accordingly, plaintiff has not met her burden of establishing that PTSD is a medically determinable impairment. The Court therefore finds that the ALJ's determination that plaintiff does not meet Listing 12.06(5) is supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 24] is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this  23  day of November, 2014.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE